Curia, per

Evans, J.
This was an action of debt on a bond, for the performance of an award. From the evidence, it appeared that the plaintiff was the owner of some reclaimed land in a swamp, on which the defendant had erected a mill. The plaintiff’s land was inundated by the water discharged from the mill pond. To obviate this, an agreement *was entered into, by which the defendant agreed to construct a dam, from a place called David Owens’machine dam, to another . point described in the agreement, each of the parties to furnish a certain number of hands, and the work to be executed under Owens’ direction. The agreement is dated in December, 1834, and the work was to be finished by the 1st January, 1837. The work was not finished, and in February, 1837, the parties agreed to refer the matter to the arbitrament of Wheeler and Brown, and entered into a penal bond to each other, in the sum of one thousand dollars, to perform the award. In March the arbitrators made their award by which Hodges was directed to finish the work by the 1st Jauuary, 1839. Some slight modifications were made in the original contract, but none material to this case. The award concludes as follows : “ And in the event of the failure of the said Hodges to complete the work within the time specified, he shall pay to the said Owens the sum of five thousand dollars,” and “ upon the refusal of the said Owens to furnish his hands to the said Hodges, he shall forfeit the sum of one thousand dollars and “ we further award that the said Owens and Hodges shall each execute a bond in the sum of ten thousand dollars, the one to the other, to stand to this our award, and to fulfill the same.” This bond was executed, and upon it this action was brought, setting out four breaches of the condition. 1st. That the dam was not extended to David Owens’ machine dam. 2nd. That it was insufficient, it leaked and was not high enough 3rd. It was not made according to Owen’s direction. 4th. Defendant did not furnish as many hands as he was bound to do according to the contract.
A great deal of evidence on the trial was given on all these points. The defendant had made a dam within the time, as he contended, accord *76 ing to the contract. The plaintiff contended that if he proved a breach of the condition of the bond, he was entitled to recover the sum of five thousand dollars, as stated or assessed damages. The case was tried before me at Marion, and I charged the jury that the sum of five thousand dollars, which the arbitrators had awarded to be paid, on the failure of the defendant to finish the work within the time stated, was but a penalty, and that they should assess for the plaintiff only such damages as were equivalent to the injury which he had sustained. The verdict was in conformity with the charge, and a motion* has been made in this Court for a new trial, on the ground of misdirection in the particular above stated. In cases where a party to a contract stipulates for the performance of one or more things, and in the event of the non-performance, agrees to pay a certain sum, it is, in most cases, exceedingly difficult to determine whether the sum be in the nature of a penalty, or damages liquidated or ascertained by the parties. By penalty, I understand a forfeiture for non-performance. Formerly, the verdict at Law was for the penalty, and the party had no relief except in Equity. But now, under the statute, where any thing but the payment of money is to be done, the plaintiff must submit the condition of his bond, or covenant, to a jury, who are to assess the damages, at the value of the injury actually sustained. In cases where damages are said to be liquidated, the province of the jury to inquire and assess, has been superseded by the parties, who had themselves ascertained and assessed the damages. To distinguish between these two classes of cases, has always been found exceedingly difficult, and I do not find, in looking through the cases, that any clear and definite line can be drawn between them. In most of the cases, as in Allen vs. Brazer, et al., and in Lowe vs. Pierce, (2 Bail. 293; 4 Bur. 2225,) where a single act was to be done, as the delivery of a negro, or to pay so much if the defendant married any other than the plaintiff, the sum has been regarded as damages assessed by the parties; yet this cannot be laid down as an inflexible rule, for it will readily occur to every one that if, in the case of Allen v. Brazer, the sum to be paid if the negro was not delivered, had been one thousand dollars instead of one hundred dollars, such sum must be construed a penalty. So, also, in most of all the cases where several things are to be done, and for the non-performance of any or all of them, a certain sum was to be paid, the sum of money has been regarded as a penalty. Such is the case of Astley vs. Weldon, (2 Bos. & Pul. 346,) where the defendant had stipulated to perform at the plaintiff’s theatre— to attend rehearsals, &c., and in default to pay two hundred pounds. The same principle has been held in a great variety of cases, both English and American, which are to be found collected in Comyn on Contracts, 38, 47. Such a contract as that we are now considering, is to be interpreted like every other; and in that, as well as others, the true inquiry is, what did the parties intend ? *and where such intention can be ascertained, the Law will give it effect accordingly. Taking this as our guide, let us then inquire whether the sum of five thousand dollars is in the nature of a penalty, or liquidated damages ? By the contract Hodges was bound to do several things. He was to make a dam from Alwood’s point, by Price’s marsh, to Owens’ machine dam. The dam was to be of sufficient height and tightness to protect Owens’ field against *77 the inundation of the water. It was to be made under Owens’ direction. Hodges was to furnish an overseer, and a certain number of hands ; and lastly, the dam was to be finished by the 1st January, 1839. Now, according to the literal interpretation of this contract, the defendant was bound to pay the penalty, if he failed in the performance of any one of these undertakings. If he had made the dam in full performance of his agreement, in every particular, except that on the 1st January, 1839, a very small portion which would not cost ten dollars, remained unfinished, according to the plaintiff’s demand he must pay five thousand dollars. If a small portion of it leaked, and the plaintiff by it was but little injured, or if be had made the dam perfect within the time, but yet had disobeyed the plaintiff’s directions, or had ommitted for a single day to furnish his portion of hands to work, each of these would subject him to the payment of the whole sum, and for failure of all of them, he would incur no other or greater liability. It seems to me, it is only necessary to state the proposition, to determine at once that the sum of five thousand dollars could not have been the estimate which the parties themselves, or the arbitrators, had assessed, as the true damages which the plaintiff was to sustain. It may be that that sum was the estimate of Owens’ loss, if the dam was not constructed at all, but they never could have intended the defendant should pay as much for failure in part, however inconsiderable, gs for default in the whole. I do not perceive that this case differs in the result from the other cases, by the circumstance that after the award, and in pursuance of it, a bond in ten thousand dollars was entered into to secure the performance of the award. It is said there are two sums, and therefore both cannot be penalties. Though it strikes me it cannot alter the case, it removes some of the difficulties in the way of construing the contract; as the plaintiff desires, the same absurdity of making the damages for a part, equal to the whole, still remains. I do not ^perceive the reason why this should have been done, or why, indeed, any second bond was necessary to secure the performance of this award, except that the first was in too small a sum, and as a second bond was necessary, they directed it to be in conformity with what is usual, in double sum.
See as to stipulated damages. Worrell vs. McClenaghan, 5 Strob. 115; Allen vs. Brazier, 2 Bail. 293. Salterwhite vs. McKee, Harp 397.
As to the quantum of damages. Miller vs. Hilliard & Wade, Chev. 152. An.
The general rule is, that for the non-performance of a contract, the party failing shall pay the other for any loss he may have sustained, and this loss is the true measure of damages. If this loss has been ascertained by the agreement of the parties, such agreement shall be carried into effect. If there be no such agreement, then the jury are to assess, upon a full view of the circumstances of the case. Justice requires a full indemnity, but nothing beyond ; and hence, in the latter cases, the inclination of the Courts is to consider the sum agreed to be paid, rather as a penalty, than as liquidated damages, unless the intent seems to be otherwise.
In this case we are of opinion the instruction of the Circuit Judge was right, and the motion is dismissed.
The whole Court concurred.